IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED
2020 APR 22 A 11: 11
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RUSSELL W. YERGENSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: 2:20-cv-00278 |
| v. ) | |
| ) | |
| TRITON MANAGEMENT ) | DEMAND FOR TRIAL BY JURY |
| GROUP, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. This is a complaint for legal and equitable relief to redress violations by the defendant of the plaintiff's rights secured by the Constitution of the United States and by:

   a) The Americans with Disability Act ("ADA"); 42 U.S.C. 12101, et seq., 29 U.S.C. 2601-2654 (FMLA) and the Civil Rights Act of 1991, 42 U.S.C. § 1991, 42 U.S.C. §1981a.

2. Federal subject matter jurisdiction exists pursuant to:

   a) 28 U.S.C §1331, 1332 and § 1343;

## PARTIES

3. Plaintiff, Russell W. Yergensen, (hereinafter referred to as

"Plaintiff"), is a citizen of the United States of America and of the State of Texas. At the time of the events described in this complaint, Plaintiff resided in Pike Road, Alabama which is located in the Northern Division of the Middle District of Alabama.

4.  Defendant, Triton Management Group, Inc. is a domestic corporation (hereinafter referred to as "Defendant"). Defendant does business and stores all of its employment records in Montgomery, Alabama which is within the Middle Division of the Northern District Court.

5.  Defendant is an employer within the meaning of the Americans with Disability Act and the Family and Medical Leave Act. Defendant employed over 100 employees during all times relevant to this lawsuit.

## NATURE OF ACTION

6.  This is an action to redress grievances resulting from the acts committed by Defendant, its agents, servants, and employees with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining policies and practices of discriminating against the Plaintiff on account of his disability.

7.  Plaintiff seeks to be reinstated into the position from which he was wrongfully terminated from because of his disability.

8.  Plaintiff also seeks compensatory and punitive damages to which he is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

9.  Within 180 days of learning of the acts of discrimination of which he complains, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Specific charge numbers and filing dates are as follows:

Russell Yergensen- Charge No. 420 2019 01664, filed on March 26, 2019, is attached herein as **Exhibit A**.

10. Plaintiff received an EEOC Dismissal and Notice of Rights dated January 21, 2020, entitling him to institute a civil action in federal district court, attached herein as **Exhibit B**.

11. This lawsuit has been commenced within 90 days of Plaintiff's receipt of his EEOC Dismissal and Notice of Rights.

## STATEMENT OF FACTS

12. Defendant is a Montgomery, Alabama based company that operates from over 70 locations in the states of Alabama, South Carolina and Mississippi. Defendant provides pawn loans, title loans, short-term cash advances and check cashing services.

3

13. In 2018, Plaintiff was Defendant's Chief Financial Officer.

14. On or about July 31, 2018, Plaintiff suffered a severe stroke that initially immobilized Plaintiff, significantly affecting his ability to walk and talk.

15. On August 1, 2018, Plaintiff notified Defendant that he needed to take FMLA leave beginning on August 1, 2018.

16. Plaintiff's request for leave under FMLA was approved by Defendant.

17. After a period of hospitalization, Plaintiff returned home to recuperate. On October 26, 2018, Plaintiff and his sister Julie visited the Triton office to discuss his return to work. Plaintiff expressed his desire and intentions of returning to work on November 1, 2018, per his physician's instructions.

18. Jackie Thornton, Defendant's HR Director, asked Plaintiff what he would do. Her words, inflection and tone clearly indicated that she questioned Plaintiff's physical ability to perform his job. Plaintiff simply responded, "My job."

19. Plaintiff suggested that he might need someone to help him with his communications for a short period and suggested that Defendant deduct that person's wages from his salary.

20. Ms. Thornton stated she would need a letter from Plaintiff's physician

stating he was fit to return to work, which Plaintiff responded that she would have it by that afternoon.

21. At 1:45 p.m. that afternoon, Plaintiff returned with a letter from his physician stating Plaintiff could return to work as of November 1, 2018. It was recommended that Plaintiff return on a limited duty basis for the next month as he continued speech therapy. Plaintiff's physician indicated that his only limitation was his speech which he expected to improve over the next year. Plaintiff's physician expressed that Plaintiff should be able to return to full duty within the next three months. **(See attached Ex. 3, October 26, 2018 letter from Dr. Thang An)**.

22. Plaintiff received no further communications from Triton until November 8, 2018, when he received a letter terminating his employment under the pretext that his position had been eliminated.

23. The eliminated of Plaintiff's position had never been discussed with him before his stroke and his attempt to return to work.

### COUNT ONE
### (ADAA Termination Claim)

24. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-23 as if set forth herein.

25. Plaintiff avers that at all times he could, with or without reasonable accommodations, perform the essential functions of the position in which he was employed by Defendants.

26. Defendant terminated Plaintiff because he has a record of having a physical or mental impairment that substantially limits one or more major life activities or because Plaintiff was regarded by Defendants as having a mental or physical impairment that substantially limits or limited one or more major life activities, or because Plaintiff has a physical or mental impairment that substantially limits or limited one or more major life activities.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

(A) Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

(B) Grant Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

...

(C)  Enter an order requiring Defendant to reinstate Plaintiff to employment with Defendant or front pay in lieu thereof.

(D)  Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

(E)  Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

## COUNT TWO
### (ADAA Failure to Accommodate Claim)

27.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-23 as if set forth herein.

28.  Plaintiff had a disability.

29.  Plaintiff was a qualified individual.

30.  Defendant knew of Plaintiff's disability.

31.  Plaintiff requested an accommodation.

32.  Plaintiff avers that on or about October 27, 2018 and on a continuing basis thereafter, an accommodation existed that would have allowed Plaintiff to perform the essential functions of his job.

33.  Plaintiff's requested accommodations were reasonable.

34. Plaintiff's requested accommodations would not have caused an undue hardship on Defendant.

35. Defendant failed to provide a reasonable accommodation.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

(A) Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

(B) Grant Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

(C) Enter an order requiring Defendant to reinstate Plaintiff to employment with Defendant or front pay in lieu thereof.

(D) Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

(E) Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs,

attorney's fees and expenses.

## COUNT THREE
## (FMLA Interference Claim)

36. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-23 as if set forth herein.

37. Plaintiff was eligible for FMLA leave.

38. Plaintiff was entitled to FMLA leave.

39. Plaintiff gave Defendant proper notice of his need for leave.

40. Defendant interfered with Plaintiff's rights under FMLA by refusing to reinstate Plaintiff.

41. Plaintiff's reinstatement of Plaintiff would not have caused substantial and grievous economic injury to Defendant.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

(A) Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of the rights of Plaintiff as secured by the Family and Medical Leave Act, and the Civil Rights Act of 1991.

(B) Grant Plaintiff a permanent injunction enjoining Defendants, their

agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Family and Medical Leave Act, and the Civil Rights Act of 1991.

(C) Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

(D) Grant Plaintiff an award of lost wages and benefits or other expenses incurred (plus interest) because of the FMLA violation and compensatory damages.

(E) Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Kenneth D. Haynes, ASB-6190-H36K
Attorney for Plaintiff

**OF COUNSEL:**
**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
(205) 879-0377

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
Kenneth D. Haynes

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

**PLAINTIFF'S ADDRESS:**
22110 McNabb Circle
San Antonio, TX. 78258

**DEFENDANT'S ADDRESS:**

Triton Management Group, Inc.
Frank E. Evans, Reg. Agent
6925 Halcyon Park Drive, Suite C
Montgomery, AL 36124